FILED
United States Court of Appeals
Tenth Circuit

August 29, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MARIO AKOTHE,

      Petitioner - Appellant,

v.

WARDEN BEAR; STATE OF
OKLAHOMA,

      Respondents - Appellees.

No. 18-6036
(D.C. No. 5:18-CV-00054-D)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.
_____

Mario Akothe, a state prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) to challenge the district court's dismissal of his 28 U.S.C.

§ 2241 petition. He also moves to proceed *in forma pauperis* (IFP). We deny Akothe

a COA and deny his IFP motion.

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe a pro se appellant's complaint liberally. *Gaines v. Stenseng*, 292
F.3d 1222, 1224 (10th Cir. 2002). But this liberal treatment has limits. Though we
can make allowances for "the [pro se] plaintiff's failure to cite proper legal authority,
his confusion of various legal theories, his poor syntax and sentence construction, or
his unfamiliarity with pleading requirements," we can't serve as his advocate. *Hall v.
Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

# BACKGROUND

On January 19, 2018, Akothe, an Oklahoma state prisoner, filed a 28 U.S.C. § 2241 petition. In his petition, he made two claims: (1) that he's "an Indian" being detained for a crime he committed against "an Indian, in Indian Country, on Indian Land, inside an Indian Reservation," so his state charges, conviction and detention by Oklahoma authorities are illegal, R. at 9; and (2) that Oklahoma courts "refuse to enforce U.S. Supreme Court opinions, have suspended habeas-corpus, due process, equal protection of laws, access to courts," and have transgressed the terms of Oklahoma's statehood charter, *id.* at 10.

He also moved to proceed IFP. At the time, Akothe's inmate-savings account balance exceeded the required $5 filing fee. So the magistrate judge recommended that the district court deny Akothe's IFP motion. Soon after, Akothe paid the $5 filing fee.

On February 9, 2018, the magistrate judge issued an order recommending dismissal of Akothe's petition. The magistrate judge concluded that Akothe's arguments challenged the fact of his confinement, rather than its nature. And the magistrate judge declined to construe Akothe's claims as a § 2254 petition, warning of unintended consequences if the district court should do so. Akothe objected, reiterating his two claims.

On February 21, 2018, the district court agreed with the magistrate judge and adopted his recommendation. The district court determined that Akothe's claims failed to attack the execution of his sentence as required to state a claim under

§ 2241, and declined to recast his petition as arising under § 2254. Akothe moved to proceed IFP on appeal, but the district court certified that any appeal wouldn't be taken in good faith, so the court denied his motion.

**DISCUSSION**

Before Akothe's appeal may proceed, he must obtain a COA. *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). To do so, Akothe must make "a substantial showing of the denial of a constitutional right." *Id.* at 869 (quoting 28 U.S.C. § 2253(c)(2)). Such a showing is made where the petitioner demonstrates that the issue "he seeks to raise on appeal [is] deserving of further proceedings, subject to a different resolution on appeal, or reasonably debatable among jurists of reason." *Id.*

Here, the district court dismissed both of Akothe's claims for failure to state a claim because neither claim attacked "the *execution* of his sentence or the nature of his confinement." R. at 20; *see id.* at 31 (adopting magistrate's report and recommendation). Section 2241 petitions are "generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement." *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). Claims that touch the nature of confinement include "matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters . . . affecting the fact or duration of the [prisoner's] custody." *Hale v. Fox*, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016) (alteration in original) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997)). So the question for us is whether Akothe stated claims attacking the nature of his confinement.

3

We conclude that he didn't. Claims that Oklahoma illegally indicted and detained him in violation of a treaty challenge his confinement but not its nature. *Martin v. Oklahoma*, No. 18-6068, 2018 WL 3854956, at *1 (10th Cir. Aug. 14, 2018). And his claims that the Oklahoma courts "refuse to enforce U.S. Supreme Court opinions, have suspended habeas-corpus, due process, equal protection of laws, access to courts," R. at 10, similarly challenge his confinement but not its nature. *See Hayes v. Bear*, No. 18-6048, 2018 WL 3199231, at *1 (10th Cir. June 28, 2018). So the district court's disposition of Akothe's petition isn't debatable, and we decline to issue Akothe a COA.[2]

Akothe moves to proceed IFP. To do so he must demonstrate (1) a financial inability to prepay the required appellate filing fee, and (2) that he has forwarded a "reasoned, nonfrivolous argument on the law and facts in support" of his appeal. *McIntosh*, 115 F.3d at 812–13 (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)). We've reviewed Akothe's financial materials and conclude he lacks the financial ability to prepay the filing fee. But because he simply restates his arguments before the district court and fails to present a reasoned argument as to how the district court erred, we conclude his appeal is frivolous. So we deny his motion to proceed IFP.

---

[2] We decline to construe Akothe's claims as a § 2254 petition. *See Davis v. Roberts*, 425 F.3d 830, 834–35 (10th Cir. 2005) (noting the potential prejudicial impacts to petitioner should the court construe a § 2241 petition as a § 2254 petition).

**CONCLUSION**

We decline to issue Akothe a COA and deny his motion to proceed IFP.

Entered for the Court


Gregory A. Phillips
Circuit Judge